ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| MUNICIPIO AUTONOMO DE SAN SEBASTIAN, REPRESENTADO POR SU ALCALDE, HON. JAVIER D. JIMENEZ PEREZ, EN SU CAPACIDAD OFICIAL<br><br>Apelado<br><br>v.<br><br>GILBERTO SUAREZ H/N/C SUAREZ EQUIPMENT; ADMINISTRACION PARA EL DESARROLLO DE EMPRESAS AGROPECUARIAS (ADEA), JUAN LUIS RODRIGUEZ REYES, ADMINISTRADOR<br><br>Apelantes | KLAN202301069 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV02160<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico a 19 de enero de 2024.

Comparece Gilberto Suárez Miranda H/N/C Suárez Equipment, en adelante el señor Suárez o el apelante, quien solicita que revoquemos la *Sentencia Enmendada* emitida el 27 de octubre de 2023. Mediante la misma, el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI, ordenó al apelante pagar una suma de dinero adeudada al Municipio Autónomo de San Sebastián, en adelante el Municipio o el apelado, más intereses al tipo legal y honorarios de abogado.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia Enmendada* apelada.

Número Identificador
SEN2024_____

**-I-**

Según surge del expediente ante nos, el Municipio presentó una *Moción en Solicitud de Notificación* en la que alegó, que a pesar de haber entregado copia de la demanda y el emplazamiento al señor Suárez y de que el TPI le concedió una prórroga para presentar alegación responsiva, el apelante incumplió con el término impuesto al no presentar ni notificar su contestación a la *Demanda*.[1] En consecuencia, solicitó al TPI que le anotara la rebeldía al señor Suárez.

Por su parte, el TPI emitió una Orden en la que le anotó la rebeldía al apelante.[2]

Posteriormente, el apelado presentó una *Moción para que se Dicte Sentencia por las Alegaciones* en la que arguyó que, una vez se anota la rebeldía, procede dar por admitidas las siguientes alegaciones, por ser hechos correctamente alegados: (1) el señor Suárez no cumplió con el pago de los arbitrios de construcción, según disponía la ahora derogada *Ley de Municipios Autónomos de Puerto Rico* o Ley Núm.81-1991; (2) el Municipio requirió mediante comunicación escrita, en cuatro ocasiones, el pago de los arbitrios de construcción adeudados; (3) en ausencia de respuesta por parte del apelante, el Municipio insistió y le envió una notificación de intención de imposición de sanción administrativa; (4) el señor Suárez compareció a la vista administrativa, pero no emitió el pago de los arbitrios; (5) en consecuencia, la deuda por la suma de $202,416.60 es líquida, vencida y exigible.[3] Además, anejó la *Certificación* del Director de Finanzas

---

[1] Apéndice del apelante, págs. 37-39.
[2] *Id.*, pág. 40.
[3] *Id.*, págs. 41-44.

del Municipio de San Sebastián, así como el *Estado de Cuenta Municipal*, en los que se evidencia la cantidad adeudada.[4]

Luego de evaluar la prueba ofrecida por el apelado, el TPI declaró ha lugar la *Demanda* y emitió una *Sentencia* en la que ordenó al señor Suárez a satisfacer al Municipio la suma adeudada, más intereses al tipo legal y honorarios de abogado por la cantidad de $20,300.00.[5]

En desacuerdo, el apelante presentó una *Moción de Reconsideración* en la que solicitó eliminar la cuantía impuesta por honorarios de abogado.[6] En su opinión, esta es improcedente en tanto el Municipio no la solicitó. También, destacó que no se le puede imputar temeridad porque nunca impugnó las cuantías reclamadas y optó por permanecer en silencio para que la Administración para el Desarrollo de Empresas Agropecuarias, en adelante ADEA, liberara la suma de dinero retenida al señor Suárez, a favor del apelado.

Así pues, el Municipio presentó su *Oposición a Moción en Solicitud de Reconsideración* y sostuvo que la *Demanda*[7], declarada ha lugar por el TPI, contiene como parte de la súplica, el pago de las costas y honorarios de abogado.[8] Del mismo modo, destacó que el apelante fue temerario porque, aunque conocía la existencia de la deuda, obligó al Municipio a reclamar su pago judicialmente. Además, arguyó, que el señor Suárez no expuso las razones por las cuales entiende que el TPI abusó de su discreción al imponer los honorarios de

---

[4] *Id.*, págs. 45-46.
[5] *Id.*, pág. 48.
[6] *Id.*, págs. 54-57.
[7] *Id.*, págs. 1-7.
[8] *Id.*, págs. 60-63. Véase, además, *id*, pág. 7.

abogado y que este nunca refutó la *Demanda* en su contra.

Con el beneficio de la comparecencia de ambas partes, el TPI dictó la siguiente *Sentencia Enmendada*:

> Analizada la Moción para que se dicte Sentencia por las alegaciones, presentada por la parte demandante el 9 de septiembre de 2023, surge que la parte codemandada GILBERTO SUAREZ H/N/C SUAREZ EQUIPMENT fue emplazada. La parte codemandada no presentó objeción de clase alguna a la solicitud del demandante, ni formuló contestación a la demanda en el caso de epígrafe por lo que el Tribunal le anotó la rebeldía el 7 de agosto de 2023. Obra en autos Declaración Jurada de la parte demandante acreditativa de la deuda reclamada en la demanda.
>
> Luego de evaluar la prueba ofrecida por la parte demandante, declara Ha Lugar la demanda y dicta Sentencia condenando a la parte codemandada GILBERTO SUAREZ H/N/C SUAREZ EQUIPMENT de epígrafe a satisfacerle a la parte demandante la suma de $202,416.60, más intereses al tipo legal sobre dicha cantidad a partir de la fecha de la radicación de la presente demanda y hasta su total y completo pago a razón de 9.25% anuales. Así también, adeuda los honorarios de abogado por la cantidad de $10,000.00. Las costas y los gastos del litigio se concederán luego de la presentación del correspondiente memorando.
>
> [...][9]

Insatisfecho, el apelante presentó una *Apelación* en la que invocó la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER HONORARIOS DE ABOGADOS EN LA SENTENCIA.

Luego de revisar los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

## -II-

Con respecto a la concesión de costas y honorarios de abogado, la Regla 44.1 de Procedimiento Civil dispone lo siguiente:

> (a) *Su concesión.* - Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que

---

[9] *Id.*, págs. 65 y 67.

se dispusiera lo contrario por ley o por estas reglas. […]

(b)    […]

(c)    […]

(d)    *Honorarios de abogado.* – En caso que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.[10]

En términos generales, se considerará temeraria toda aquella conducta que haga innecesario un pleito que se pudo evitar, que lo prolongue innecesariamente o requiera a la otra parte efectuar gestiones innecesarias.[11] **La imposición de intereses y honorarios de abogado por temeridad es una facultad discrecional del tribunal sentenciador que no será variada a menos que la misma constituya un abuso de discreción.**[12] Persigue penalizar a aquel litigante perdidoso que, por su obstinación, terquedad, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte a asumir innecesariamente las molestias, gastos, trabajo e inconveniencias de un pleito.[13] Una vez determinada la existencia de temeridad, la imposición del pago de honorarios de abogado es mandatoria.[14] Por ello, los tribunales revisores sólo intervendrán cuando surja de tal actuación un claro abuso de discreción.

---

[10] 32 LPRA Ap. V, R.44.1.
[11] *Pérez Rodríguez v. López Rodríguez*, 210 DPR 163, 193 (2022); *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 212 (2013).
[12] *SLG González-Figueroa v. SLG et al.*, 209 DPR 138, 150 (2022); *Pérez Rodríguez v. López Rodríguez*, *supra*, pág. 193. (Énfasis suplido).
[13] *Pérez Rodríguez v. López Rodríguez, supra,* pág. 193.
[14] *Id.*, págs. 192-193.

**-III-**

En síntesis, el apelante alega que no fue temerario porque no impugnó las cuantías reclamadas, "ya que estas eran finales y firmes". En su opinión, el Municipio presentó la *Demanda* con el único interés de recobrar la suma de dinero retenida por la ADEA, quien mostró indisposición para realizar el pago en ausencia de una sentencia de cobro de dinero contra el señor Suárez. Así pues, el apelante aduce que decidió permanecer en silencio ante los reclamos del Municipio, como estrategia para que ADEA pagara al apelado el dinero retenido. Además, sostiene que la imposición de honorarios podría considerarse una doble compensación, en la medida en que el *Estado de Cuenta* del Municipio contempla penalidades por falta de pago.

Por otro lado, el apelado arguye que instó la acción en cobro de dinero a los fines de "recobrar la suma de dinero vencida que el deudor se ha negado a satisfacer extrajudicialmente" y no con el único interés de plasmar la deuda en una sentencia para recobrar la suma de dinero retenida por la ADEA. Así mismo, destaca, que el señor Suárez "tuvo oportunidad de refutar la reclamación, sin embargo, por su temeridad optó por no defenderse y continuar sin pagar la deuda". Finalmente, sostiene que el apelante no expuso las razones por las cuales entiende que el TPI abusó de su discreción al imponer los honorarios de abogado.

Luego de revisar cuidadosamente los documentos que obran en autos, determinamos que el apelante no expuso las razones por las cuales entiende que el TPI abusó de

su discreción al imponer los honorarios de abogado. Veamos.

En primer lugar y contrario a lo alegado por el señor Suárez, la *Demanda* del pleito de epígrafe sí contempla como parte de la súplica los honorarios de abogado y las costas.

En segundo lugar, del tracto procesal del caso, no refutado por el apelante, surge que el señor Suárez tenía pleno conocimiento de que la deuda era líquida, estaba vencida y era exigible. Sin embargo, se negó a pagarla y en cambio, obligó al apelado a instar el presente pleito que se pudo evitar.

Finalmente, como expusimos en la parte normativa de la presente *Sentencia*, la imposición de honorarios de abogado es una facultad discrecional del foro sentenciador y en ausencia de abuso de discreción, lo que se alegó por la parte apelante pero no se probó, no tenemos facultad para intervenir con la determinación de aquel.

**-IV-**

Por los fundamentos antes expuestos, se confirma la *Sentencia Enmendada* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones